UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MARCUS T. SIMMONS, ) | |
| ) | |
|     *Petitioner,* ) | |
| v. ) | No.   1:04-cv-316 |
| ) | *Collier/Carter* |
| STAN YATES, WARDEN, ) | |
| PAUL G. SUMMERS, ATTORNEY ) | |
| GENERAL & REPORTER, ) | |
| ) | |
|     *Respondent.* ) | |

## **M E M O R A N D U M**

Petitioner Marcus T. Simmons ("Simmons" or "Petitioner") brings this petition for *writ of habeas corpus* under 28 U.S.C. § 2254 (Court File No.3). Before the Court is Respondent's motion to dismiss (Court File No. 7) and Petitioner's motion for summary judgment (Court File No. 12).

After considering the filings of Respondent and Petitioner, the record before the Court, and the applicable law, the Court will **GRANT** Respondent's motion to dismiss (Court File No. 7) and **DENY** Petitioner's motion for summary judgment (Court File No. 12). Therefore the Court necessarily will **DENY** petitioner's § 2254 petition (Court File No. 3).

A federal court is authorized to entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Consequently, a § 2254 habeas petitioner must be "in custody" pursuant to a judgment of a state court before a federal court has jurisdiction to grant a petition for a writ of habeas corpus. Simmons is attacking a 1993 conviction. Simmons received a four year suspended sentence on intensive probation on March 11, 1993. The record before this Court reflects Simmons' sentence expired over

eight years ago; therefore, he is not presently "in custody" pursuant to a judgment of a state court.

Simmons contends he is in custody under a sentence enhanced by the state conviction which he challenges in this instant habeas proceeding and argues *Malenge v. Cook*, 490 U.S. 488 (1989) permits him to be considered "in-custody" for purposes of attacking his expired state conviction. Simmons is mistaken. Simmons is not attacking a conviction and sentence for which he is presently "in custody" but rather, is attacking a conviction where his sentence has expired. The Supreme Court clarified their holding in *Malenge* in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001) stating "[w]e held that the respondent was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence." *Malenge* at 492. In *Coss* the Supreme Court determined that since "Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions." In addition the *Coss* court made the following ruling:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 532 U.S. at 403-04 (citation omitted).

Simmons is attempting to attack a conviction for which he is no longer serving a sentence; thus, he cannot bring a federal habeas petition directed solely at the expired state conviction. A petitioner generally cannot challenge a conviction after his sentence has expired, because he is no longer "in custody" under that conviction. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam) (a petitioner whose sentence had expired was not "in custody" and, thus, could not maintain

2

a direct attack on his expired sentence). The Sixth Circuit has explained the statutory language that a petitioner must be "in custody pursuant to the judgment of a State court" found in 28 U.S.C § 2254 and the *Malenge* ruling as follows:

> [T]he Supreme Court interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction of sentence under attack at the time his petition is filed." In *Maleng,* the respondent, a federal prisoner, filed a § 2254 petition that facially attacked a 1958 Washington state conviction whose sentence had expired. The respondent argued that his 1958 conviction had been used illegally to enhance his 1978 state sentences that he would serve immediately following the expiration of a federal sentence that he was currently serving. The Court held that a habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because" that conviction had been used to enhance a subsequent sentence. The Court nevertheless permitted the respondent to proceed on the merits, liberally construing the pro se petition as an attack on the later, 1978 sentence that he had yet to serve. The Court concluded that the respondent met the "in custody" requirement because his later Washington sentence was ensured by a detainer directing him to be returned to Washington authorities when his federal sentence expired.

*Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001)(Petitioner was without recourse because his prior convictions, which were used to enhance his current federal sentence, were not subject to collateral attack because the defendant failed to pursue that remedy when it was available).

Simmons' petition was filed on September 23, 2004. An effective sentence of four years in 1993 would have expired in 1997. Accordingly, petitioner is no longer "in custody" on the 1993 conviction which is the conviction he challenges in this habeas petition. As in the *Steverson* case, petitioner does not meet the "in custody" requirement of habeas petitions since the sentence for the conviction which he challenges has expired. Likewise, although currently in federal custody, Simmons is not subject to any unexpired state sentences. Consequently, under the plain language of *Malenge,* Simmons is not "in custody" for the state conviction that his petition directly challenges. Simmons is not attacking the conviction and sentence for which he is presently "in

custody" but instead, he is attacking a sentence which has expired but was used to enhance the sentence he is currently serving.

In summary, Simmons challenges his 1993 state conviction for aggravated assault, a conviction for which he is not "in custody" because his sentence in that case had expired prior to him filing the instant habeas petition and prior to the time he began attacking the conviction in state court. Therefore, Simmons is without recourse because his state conviction, which was used to enhance the sentence he is presently serving, is no longer open to direct or collateral attack because petitioner failed to pursue those remedies while they were available. Petitioner is no longer "in custody" on the 1993 conviction; he was not "in custody" at the time this petition was filed; therefore, this Court lacks subject matter jurisdiction over his habeas petition attacking his 1993 state conviction.

For the reasons discussed above, Respondent's motion to dismiss the habeas corpus petition will be **GRANTED** on the ground that the Court has no subject matter jurisdiction in this case (Court File No. 7), petitioner's motion for summary judgment will be **DENIED** (Court File No. 12), and petitioner's habeas petition (Court File No. 3) and this case will be **DISMISSED**.

A judgment will enter.

                                                     **/s/**
                                      **CURTIS L. COLLIER**
                            **UNITED STATES DISTRICT JUDGE**